■ ERLINE FLEMING, as Mother and Natural Guardian of WILLIAM SMITH, an Infant, Appellant, v MANHATTAN BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. — Order of the Supreme Court, Bronx County, entered March 4, 1980 (Dorothy Kent, J.), denying the motion made on behalf of the infant plaintiff for an order extending the time within which to serve a late notice of claim, reversed on the law and the facts and in exercise of discretion, without costs, and the application granted. In 1977, the infant plaintiff was injured by a Metropolitan Transit Authority bus. A police report was filled out on the day of the accident, and the bus driver filled out an accident report. In addition, the Manhattan Bronx Surface Transit Operating Authority (MABSTOA) set up a file in anticipation of a claim. Thus, it is apparent that the defendant had actual notice of the occurrence. Allegedly, because of her mistaken belief that a claim against the bus company was barred by the "No Fault Laws" and because of limited education, the mother did not pursue, on behalf of her son, the potential claim. Some two years later, MABSTOA mailed a letter to the mother, advising her to submit written proof of a claim on behalf of her son. The mother then sought the advice of counsel and was advised of Special Term's discretionary power to grant an extension of time in which to file a late notice of claim. Several months later such an application was made, pursuant to subdivision 5 of section 50-e of the General Municipal Law and CPLR 208, for leave to make such filing over two years after the event upon which the claim was based. Section 50-i (subd 1, par [c]) of the General Municipal Law limits the time for bringing such an action to one year and 90 days after the happening. However, this Statute of Limitations is tolled for infancy. (CPLR 208.) In these circumstances, granting permission to file a late notice of claim is discretionary. (See *Pierson v City of New York,* 83 AD2d 129.) The court, at Special Term, denied the application on the basis of the determination in *Cohen v Pearl Riv. Union Free School Dist.* (70 AD2d 94), as being "on all fours" with the claim here. That decision was thereafter reversed in the Court of Appeals (51 NY2d 256). Accordingly, in view of the fact that the defendant had actual notice and was in no way prejudiced by the late notice of claim, as well as the plaintiff being an infant, the order appealed from is

reversed and the application granted. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.