■ EDDIE LOVETT et al., Appellants-Respondents, v ALLSTATE INSURANCE COMPANY, Respondent-Appellant. EDDIE LOVETT et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. — Order of the Supreme Court, Bronx County (Fusco, J.), entered June 24, 1980, granting partial summary judgment to the defendant-appellant and limiting plaintiffs' recovery on the first cause of action to the actual cash value at the time of the loss, denying dismissal of the fourth cause of action alleging fraud, and granting summary judgment to the defendant on the fifth cause of action for punitive damages unanimously modified, on the law, without costs, to the extent of granting summary judgment to the defendant on the fourth cause of action, and otherwise affirmed. Order of the Supreme Court, Bronx County (Silbowitz, J.), entered December 31, 1980, which granted plaintiffs' motion for leave to serve an amended complaint, unanimously reversed, on the law and the facts, without costs, and the motion denied. Plaintiffs are the owners of property insured by the defendant-appellant. The insurance policy, dated July 27, 1976, limited Allstate's liability to a maximum of $30,000 for damage to the structure, $15,000 for unscheduled personal property, and $6,000 for additional living expenses. The policy provided that Allstate would not be liable for repair or

replacement unless and until actual repair or replacement was completed or, in the alternative, the insured could elect to receive the actual cash value of the building destroyed. On August 21, 1976, the premises were totally destroyed by fire and a subsequent claim by the Lovetts for $30,000 was rejected. Consequently, the instant action was commenced seeking the full limits under the policy. Plaintiffs admit that no replacement of the structure has been made but contend that they were misled into insuring with Allstate inasmuch as they did not realize they would have to pay to replace their home first before being reimbursed. Allstate offered $17,500, that figure being the actual cash value of the building, which was refused by the plaintiffs as being inadequate to replace the house. The plaintiffs contend that they relied on the defendant's "Half a House" advertising campaign and if they had known of the restriction, they would have purchased their policy elsewhere. The commercial in question ran on all major networks and assures the purchaser of an Allstate homeowners insurance policy that the full replacement cost of a destroyed or damaged home would be paid. Nothing in the commercial contradicts the terms of the policy. Indeed, the opening sequence refers to the insured rebuilding: "Your house burned down. You rebuild it * * * and now you're moving in." The commercial does not suggest anything other than that the homeowner would have to rebuild himself, and this presentation is clearly consistent with the policy provisions. The plaintiffs' contention that they are now without funds to rebuild is not supported by policy condition 1(f), whereby they could have elected to receive the actual cash value of the house and, if they chose, within 180 days commence rebuilding, thus, preserving their rights to full replacement costs up to the $30,000 policy limit and using Allstate's money to finance the project. Inasmuch as the advertising comports with the terms of the policy, there has been no misrepresentation and the fourth cause of action, alleging fraud, should have been dismissed. In proving an allegation of fraud, an essential element is that the representation must have been false when it was made (24 NY Jur, Fraud and Deceit, § 14; see *Irving Trust Co. v La Pilar Realty,* 56 AD2d 532). The plaintiffs have not come forward with any evidentiary showing which would constitute fraudulent advertising (see *Buttingnol Constr. Co. v Allstate Ins. Co.,* 22 AD2d 689, affd 17 NY2d 476). Absent any issue of triable fact that would establish the cause of action for misrepresentation, defendant's motion for summary judgment should be granted. (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276.) Under the circumstances here, there would be no award for punitive damages. (*Walker v Sheldon,* 10 NY2d 401, 405; *New Canaan Foreign Car Serv. v Blohm,* 86 AD2d 509.) Special Term's order of June 30, 1980, granting the defendant's motion for summary judgment on the Lovett's fifth cause of action, was a final order. No appeal from an order could lie with a Justice of co-ordinate jurisdiction and leave could not be so given to serve an amended complaint. (CPLR 2221; *Kamp v Kamp,* 59 NY 212.) Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.