■ DANIEL BARTHOLOMEW et al., Appellants, v STERLING INSURANCE COMPANY, Respondent, et al., Defendant. [825 NYS2d 795]—

Mercure, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered July 29, 2005 in Ulster County, which, inter alia, granted defendants' motion to dismiss the complaint.

After their home was damaged in a 2004 fire, plaintiffs submitted a claim to defendant Sterling Insurance Company (hereinafter defendant), which had issued them a homeowners' insurance policy. Defendant engaged defendant Richard F. Winne to act as an independent insurance adjuster to investigate the claim. Winne calculated the estimated cost of repair and replacement, which defendant paid in part. Defendant retained $5,516, or approximately 20% of the full cost, until repairs were complete. When plaintiffs thereafter submitted a supplemental claim for the retained moneys, they failed to provide defendant

with requested receipts or other proof of the actual repair or replacement cost due to the fact that they had performed some of the repairs themselves. Citing the absence of documentation, defendant denied the claim. Plaintiffs then commenced this action against defendant and Winne, alleging breach of contract and equitable estoppel. Supreme Court granted defendants' motion to dismiss the complaint and plaintiffs now appeal.

We affirm. "[O]n a motion to dismiss for failure to state a claim, the court 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004], quoting *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]). In connection with their breach of contract claim herein, plaintiffs assert that the policy was ambiguous because the "Replacement Cost Provision" of the policy provided that defendant would "pay the full cost of repair or replacement of the damaged part *without deduction for depreciation*" (emphasis added) but the "Statement as to Full Cost" provided by defendant after the fire labeled the amount withheld as both "[a]pplicable [d]epreciation" and a "[s]upplemental [c]laim." Plaintiffs argue that this ambiguity led them to believe that they would be entitled to automatic recovery of the remaining 20% of the estimated cost that defendant withheld once the repairs were complete. Contrary to plaintiffs' argument, however, defendant did not refuse to pay the supplemental claim on the ground that the withheld funds represented depreciation. Rather, defendant initially reimbursed plaintiffs for the actual cash value of the damage—which plaintiffs accepted as 80% of the estimated cost of repair provided by Winne—and refused to pay the supplemental claim because plaintiff failed to provide documentation regarding the actual cost of the repair.

In that regard, the Replacement Cost Provision states that defendant will pay the smallest of three amounts: (1) the policy limit, (2) "the cost . . . to repair or replace the damage on the same premises using materials of equivalent kind and quality," or (3) "the amount . . . actually and necessarily spent to replace or repair the damage." We note that "[r]eplacement cost coverage inherently requires a replacement (a substitute structure for the insured) and [documented] costs (expenses incurred by the insured in obtaining the replacement); without them, the replacement cost provision becomes a mere wager" (*Harrington v Amica Mut. Ins. Co.*, 223 AD2d 222, 228 [1996], *lv denied* 89

NY2d 808 [1997]). Inasmuch as plaintiffs agreed in the policy to receipt of the lowest of three figures, it necessarily follows that they agreed to permit defendant to calculate which of the three figures it was obligated to pay. Indeed, consistent with that agreement, the policy also contains a section entitled "Additional Duties-Property Coverages" providing that "[a]t [defendant's] request, the insured (and mortgagee, when applicable) must also . . . produce records, including tax returns and bank microfilms of all canceled checks, relating to value, loss and expenses and permit copies and extracts to be made of them as often as [defendant] reasonably request[s]." Given that plaintiffs did not document the cost of repair or comply with defendant's reasonable request for that documentation, we agree with Supreme Court that they failed to state a cause of action for breach of contract arising out of defendant's refusal to pay their supplemental claim.

Plaintiffs further allege that defendant should be equitably estopped from withholding the additional unpaid amount due to Winne's statements to them that defendant's retention of 20% of the cost estimate was customary and that they would receive the remaining 20% when the repair work was complete. Plaintiffs contend that as a result of Winne's statements, they concluded that they were not required to keep detailed records of the time and money spent on repair. Plaintiffs do not deny, however, that they signed statements informing them that their supplemental claim was to be filed in accordance with the policy and that they had access to the policy provisions discussed above that set forth the method in which replacement cost was to be calculated and that they would be required to submit receipts at defendant's request. Accordingly, even presuming that Winne's statements amounted to a false representation and that plaintiffs could demonstrate reliance upon those statements, plaintiffs cannot make the requisite showing that they lacked "knowledge and . . . the means of knowledge of the truth as to the facts in question" (*Brelsford v USAA*, 289 AD2d 847, 849 [2001] [citations and internal quotation marks omitted]), and their claim was properly dismissed.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.