■ MARY ELLEN HIRSH, as Administrator of the Estate of NEAL HIRSH, Deceased, Respondent, v JENNIFER L. BRUNENKANT et al., Appellants. [858 NYS2d 437]—

Stein, J. Appeals (1) from an order of the Supreme Court (Hard, J.), entered September 6, 2007 in Albany County, which, among other things, partially granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Neal Hirsh (hereinafter decedent) was the first cousin of defendant Jennifer L. Brunenkant. On December 15, 1994, Brunenkant executed a promissory note by which she agreed to pay decedent the sum of $250,000. At some time in 1995, Brunenkant formed defendant Construction Lending Corporation (hereinafter CLC). Between 1998 and 2004, decedent loaned over $2,000,000 to CLC. CLC regularly paid interest on the loans and also made some payments of principal. Decedent died on May 16, 2004 without a will. Thereafter, plaintiff, decedent's mother, was appointed administrator of his estate. In November 2004, Brunenkant, as president of CLC, wrote to plaintiff's attorney and admitted that, as of May 2004, the outstanding bal-

ance on loans from decedent to CLC was $1,210,212.19.[1] Brunenkant "shuttered" CLC in 2004 and it is no longer operational.

Plaintiff commenced this action against defendants seeking judgment against Brunenkant for the balance due on the first note in the amount of $250,000, plus interest from January 1, 2005, and also seeking judgment against CLC for the sums of $960,212.16,[2] plus interest from January 1, 2005, and $503,905, plus interest commencing from January 1, 2004. Plaintiff moved for, among other things, partial summary judgment. Supreme Court granted plaintiff's motion on her first cause of action and found Brunenkant personally liable for the 1994 note in the amount of $250,000, plus interest. Additionally, Supreme Court partially granted plaintiff summary judgment on her second cause of action, finding CLC liable and finding that it minimally owed $955,032.19[3] plus interest to plaintiff, with the actual amount to be determined at trial. Supreme Court entered judgment accordingly. Defendants now appeal. We affirm.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]; *see Hook v Village of Ellenville*, 46 AD3d 1318, 1319 [2007]) in order to shift the burden to the nonmovant (*see Dow v Schenectady County Dept. of Social Servs.*, 46 AD3d 1084, 1084 [2007]). To establish a prima facie case of liability on a promissory note, a plaintiff must produce the note signed by the party from whom payment is sought and must demonstrate a default in payment (*see Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]; *New York State Higher Educ. Servs. Corp. v Barry*, 267 AD2d 567, 568 [1999]). Here, plaintiff met her initial burden of establishing Brunenkant's liability on the $250,000 note by producing the note, together with Brunenkant's deposition testimony admitting to having personally executed the note in decedent's favor and having received the full proceeds of the

---

1. This amount included $5,180 then on deposit in an account in decedent's name. Thus, the net amount actually owed by CLC to decedent as of late 2004 was $1,205,032.19.

2. Supreme Court subsequently granted plaintiff's motion to amend the amount of damages sought in this cause of action to conform to the proof.

3. This amount represents the acknowledged net balance of $1,205,032.19 minus the $250,000 which Supreme Court found was owed by Brunenkant personally, since Supreme Court found an issue of fact regarding whether that $250,000 was included in the amount which Brunenkant acknowledged on behalf of CLC.

loan. Furthermore, plaintiff established that she attempted to collect the debt and was unsuccessful. Thus, plaintiff established her right to summary judgment as a matter of law, shifting the burden to defendants to raise a triable issue of fact (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *Raven Indus., Inc. v Irvine*, 40 AD3d 1241, 1242 [2007]).

Defendants allege that the first $250,000 loan was used in the formation of CLC and assert that decedent considered it to be a debt of CLC. However, Brunenkant admitted that she did not form CLC until 1995, and she has produced no documentation to establish that CLC assumed the 1994 note, which would relieve her of any obligation thereon. In fact, the note states on its face that it cannot be changed except in writing signed by the lender (decedent). None of the documents presented by defendants meets this criteria. Thus, defendants have failed to raise a triable issue of fact with regard to Brunenkant's personal liability for payment on the 1994 note. Nor have they raised a triable issue of fact regarding the $955,032.19 claimed as part of the second cause of action, in light of CLC's admission as set forth in the November 2004 letter to plaintiff's attorney. Thus, Supreme Court properly granted summary judgment to plaintiff on her first cause of action and properly granted plaintiff partial summary judgment on her second cause of action.

We have reviewed defendants' remaining contentions and find them to be without merit.

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.