■ OVERSEAS PRIVATE INVESTMENT CORPORATION, Respondent, v NAM KOO KIM et al., Appellants. [895 NYS2d 217]—

Kavanagh, J.

In February 2005, defendant Nam Koo Kim (hereinafter the husband), as sole owner of Majestic Group Korea Ltd., entered into a loan agreement on behalf of the company with plaintiff to borrow $1,500,000 for the purposes of financing a "Ruby Tuesday" restaurant in South Korea. The husband and his wife, defendant Hee Sun Kim (hereinafter the wife), issued personal guaranties for the loan.* In October 2005, Majestic defaulted on the loan and a restructured loan and assumption agreement was executed by the parties and included a promissory note by the husband to pay plaintiff $1,517,000 in the event of a default. Once again, the wife agreed to personally guaranty the terms of the note and signed a written commitment to that effect. When the borrowers defaulted on the restructured loan, plaintiff, as was its right under the agreement, accelerated payments of the promissory note and commenced this action seeking recovery of the amount due under the note, together with interest and counsel fees. Plaintiff moved for summary judgment and Supreme Court found that the husband was liable for the payment of the promissory note he executed and that the wife was liable pursuant to the personal guaranty she executed in connection with this note. The court denied plaintiff's motion as to the amount claimed to be owed and directed that an inquest be conducted to determine plaintiff's damages and counsel fees. Defendants now appeal.

The principal contention raised by defendants on this appeal is the extent of the wife's commitment to guaranty the payment of the promissory note executed by her husband in connection with the original and restructured loan agreements. While the wife admits signing the guaranty, she claims that it was her understanding that her exposure was limited to the value of her interest in real property she owned in Virginia. She denies ever reading or even seeing the entire guaranty agreement and contends that plaintiff only provided her with the page of the agreement that bore her signature. Given that assertion, defendants argue that a question of fact has been created as to the scope of the wife's guaranty and Supreme Court erred by granting plaintiff summary judgment. We do not agree.

---

* Majestic Group Korea, Ltd. is a wholly owned subsidiary of Majestic Group, Inc. Majestic Group, Inc. also guarantied the loan.

A party is entitled to a judgment on a guaranty of a note if it proves that there has been a default on the payment of a promissory note and the party against whom judgment has been sought has executed a valid guaranty warranting the payment of the amount due under that note (*see Agai v Diontech Consulting, Inc.*, 64 AD3d 622, 623 [2009]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Smith v Shields Sales Corp.*, 22 AD3d 942, 944 [2005]; *Judarl v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]; *see also Hirsh v Brunenkant*, 51 AD3d 1258, 1259 [2008]). Here, plaintiff submitted documentary evidence establishing that the wife gave a written commitment guarantying the obligation created by the promissory note that is in default. Upon such a showing, it was incumbent upon defendants to avoid the entry of summary judgment to establish the existence of a bona fide defense, that the wife, despite the terms of her guaranty, is not legally obligated to pay the debt created by the promissory note (*see Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575; *Hirsh v Brunenkant*, 51 AD3d at 1259).

In her defense, the wife argues that when she signed the guaranty she was only provided with the last page of the agreement and claims to have been told that her liability under the guaranty was limited to the value of her real property interest in Virginia. However, she admits that she did not participate in the negotiations that led up to the issuance of the promissory note and that it was her husband who asked her to sign the guaranty agreement. While the husband echoes the wife's claim that she signed the guaranty agreement without seeing the entire document, he does not deny that, at the time, he was in possession of the entire agreement. In addition, he provides no confirmation of his wife's assertion that when she signed the guaranty agreement she was told that her legal obligation was limited to the value of her real estate interest in Virginia. In addition, the terms of the guaranty are clear on its face and specifically provide that the wife has guarantied full payment of the promissory note. In fact, immediately above the wife's signature is an acknowledgment to the effect that she "has received a copy of this Restructured Loan Deferral Letter, agrees to all terms and conditions hereof, and confirms that the Personal Guaranty is, and remains, in full force and effect." In short, the wife's contention that it was her understanding that she was providing a limited commitment in regard to the payment of the promissory note is belied by what is clearly set forth in the document and, "[i]n the absence of fraud, duress or some other wrongful act by a party to a contract, a signer of an agreement is deemed to be conclusively bound by its terms whether or not he or she read it" (*see Maines Paper & Food Serv. v Adel*, 256

AD2d 760, 761 [1998]). The wife—who by her own admission had no contact with plaintiff in regard to this transaction—has presented no documentary evidence to support the conclusion that plaintiff used duress or fraud to procure her signature on this document. As such, she is bound by the terms of her guaranty.

Nor are we convinced that defendants have made an "evidentiary showing suggesting that completion of discovery will yield material and relevant evidence," and that summary judgment should have been denied at this stage of the action (*Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]). Specifically, defendants sought to uncover evidence that plaintiff had only provided the wife with a blank signature page of the guaranty agreement and that different versions of the agreement actually exist that would in some way negate the validity of the wife's guaranty. In that regard, the wife specifically seeks additional information as to how the guaranty documents were transmitted to her and points to an e-mail as support for her contention that she was sent only the page of the agreement that bears her signature. However, the e-mail in question simply requests that the wife "execute the guaranty agreement and send in the signature page soon to [plaintiff]." The fact that plaintiff only sought return of the signature page does not, as the wife contends, establish that the entire agreement was not initially provided to her and, as previously noted, the husband was in possession of the entire agreement when the wife signed the document at his urging. As such, Supreme Court did not abuse its discretion in denying defendants' application that they be permitted to engage in additional discovery prior to issuing a decision on plaintiff's motion for summary judgment (*see Stoian v Reed*, 66 AD3d 1278, 1281 [2009]).

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.