■ Tosapratt, LLC, Appellant-Respondent, v Sunset Properties, Inc., et al., Respondents-Appellants. [926 NYS2d 760]—

Stein, J.

Plaintiff entered into an agreement with defendant Sunset Properties, Inc., whereby plaintiff loaned $650,000 to Sunset in order to finance Sunset's purchase and development of an 11.65-acre parcel of land in Vermont. In exchange, Sunset executed a promissory note to repay plaintiff such amount with interest when some or all of the real estate was sold. Defendant Mary Pratt (hereinafter Pratt), the wife of Stanton Pratt (Sunset's secretary and treasurer), executed a guaranty for the payment due to plaintiff. After selling the entire parcel of land for less than the principal amount of the loan and paying the net proceeds to plaintiff, Sunset defaulted in making the full payment on the note. Plaintiff commenced this action seeking recovery of the outstanding balance due by moving for summary judgment in lieu of complaint pursuant to CPLR 3213. Supreme Court granted that motion but, applying Vermont law, limited plaintiff's recovery to the amount of principal that remained due and owing (*see* 8 Vt Stat Ann, tit 8, § 2201 [d] [10]; § 2215 [d] [1]). Plaintiff appeals and defendants cross-appeal.

Initially, we disagree with defendants' contention that Supreme Court erred in granting plaintiff's motion for summary judgment. Inasmuch as plaintiff met its initial burden of establishing a prima facie case by demonstrating that Sunset executed the promissory note, Pratt executed an absolute and unconditional guaranty, and both defaulted thereon (*see Craven v Rigas*, 71 AD3d 1220, 1223 [2010], *lv denied* 14 NY3d 713

[2010]; *Kamp v Fiumera*, 69 AD3d 1168, 1169 [2010]; *Overseas Private Inv. Corp. v Nam Koo Kim*, 69 AD3d 1185, 1187 [2010], *lv dismissed* 14 NY3d 935 [2010]), the burden shifted to defendants to demonstrate a bona fide defense to liability on the note (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Craven v Rigas*, 71 AD3d at 1223; *Kamp v Fiumera*, 69 AD3d at 1169; *Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]). To that end, defendants argued that plaintiff should be equitably estopped from enforcing the terms of the note.* In support of that argument, defendants submitted affidavits alleging that Salim Lewis, plaintiff's president, took various actions and made certain representations to Sunset regarding its obligations on the note which they claim caused Sunset to prejudicially alter its position in reliance thereon. According to defendants, after difficulties arose in subdividing and developing the land, Lewis became frustrated, informed defendants that they were in default of the loan and that he could "take over" the property at any time, and instructed Sunset to abandon the project. Sunset then listed the property for sale. Defendants allege that Lewis placed unreasonable conditions upon any sale and communicated with the listing realtors in a manner that interfered with their attempts to sell the property. After several attempts fell through—including one in which Lewis allegedly instructed defendants to reject an offer in an amount equal to the principal owed on the promissory note— Lewis demanded that Sunset accept the next offer and indicated that defendants "should not worry about the specific terms of the note" because they "might be relieved from some of the debt obligation so long as [they] accepted an offer." Thereafter, Sunset sold the property for $575,000 and paid plaintiff the net proceeds of sale, an amount which was substantially less than the amount due and owing to plaintiff.

While "equitable estoppel is designed 'to prevent the infliction of unconscionable injury and loss upon one who has relied on the promise of another' " (*Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1013 [2009], quoting *American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]), such reliance must be justified (*see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d at 1013; *Bartholomew v Sterling Ins. Co.*, 34 AD3d 1157, 1159 [2006]; *Brelsford v USAA*, 289 AD2d 847, 849

---

* Notably, Pratt waived her right to assert the defense of equitable estoppel when she executed the guaranty (*see Citibank v Plapinger*, 66 NY2d 90, 95 [1985]; *Raven El. Corp. v Finkelstein*, 223 AD2d 378, 378 [1996], *lv dismissed* 88 NY2d 1016 [1996]). However, Sunset did not.

[2001]). Here, even viewing the evidence in a light most favorable to defendants (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]; *Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 105-106 [2006]), Lewis' alleged statement that he *might* relieve defendants from some of their debt obligations if they accepted an offer on the land was too indefinite and equivocal to justify defendants' reliance in altering their position (*compare Witherell v Kelly*, 195 App Div 227, 231-232 [1921]). Moreover, it is undisputed that, at all times, Sunset owned the property and had no legal obligation to comply with Lewis' alleged demands with respect to the sale of the property. Indeed, in his affidavit, Stanton Pratt indicated that defendants *"decided* to conform to [Lewis'] *request* to abandon the development project"* (emphasis added). Defendants' contention that Lewis misled them into believing that they were forced to acquiesce in his acceptance or rejection of any purchase offers is also belied by the fact that, shortly before the sale of the property, Sunset's shareholders discussed and rejected an offer of $500,000 because it was substantially less than what they had paid for it. Accordingly, as " 'an essential element of estoppel [i]s lacking,' " Supreme Court properly granted summary judgment (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 106-107, quoting *Lynn v Lynn*, 302 NY 193, 205 [1951], *cert denied* 342 US 849 [1951]; *see Cadlerock, L.L.C. v Renner*, 72 AD3d 454 [2010]).

We find that Supreme Court erred in applying Vermont law to the parties' dispute in contravention of the New York choice of law provision contained in both the promissory note and the guaranty. Pursuant to General Obligations Law § 5-1401 (1), "[t]he parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate not less than two hundred fifty thousand dollars . . . may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation to this state." Thus, for such transactions, the parties' choice of law provision is enforceable, unless procured by fraud or overreaching, even if, under a traditional choice of law analysis, the application of the chosen law would violate a fundamental public policy of another, more interested jurisdiction (*see Sabella v Scantek Med., Inc.*, 2009 WL 3233703, *12-13, 2009 US Dist LEXIS 88170, *34-36 [SD NY 2009]; *Sun Forest Corp. v Shvili*, 152 F Supp 2d 367, 388 [2001]; *Lehman Bros. Commercial Corp. v Minmetals Intl.*

*Non-Ferrous Metals Trading Co.*, 179 F Supp 2d 118, 135-137 [2000]; *Supply & Bldg. Co. v Estee Lauder Intl., Inc.*, 2000 WL 223838, *2-3, 2000 US Dist LEXIS 2086, *4-9 [SD NY 2000]). Indeed, "[t]he enforcement of such clauses is favored since it 'protect[s] the justifiable expectation of the parties who choose New York law as the governing law' " (*IRB-Brazil Resseguros, S.A. v Inepar Invs., S.A.*, 83 AD3d 573, 574 [2011], quoting *Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale*, 34 AD3d 124, 130-131 [2006]). Here, the promissory note and contract unquestionably fall within the provisions of General Obligations Law § 5-1401 (1). Accordingly, Vermont law did not apply and Supreme Court erred in limiting plaintiff's damages to the principal balance due and owing.

We have examined defendants' remaining arguments and find them to be unpersuasive.

Spain, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited plaintiff's damages to the principal amount of the loan; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.