Garry, J.
Plaintiff was formerly the president of defendant Catskill Millennium Technologies, Inc. Defendant Stephen M. Renault was Catskill’s vice-president, and defendant Arnie Cavallaro was its treasurer. Plaintiff commenced this action seeking to recover on an alleged debt against these defendants and two others, defendants Henry Quigley and Surferz.Net, Inc., a corporation owned by Cavallaro. The action asserted claims of breach of a promissory note, breach of oral contract and unjust enrichment. The note named Catskill as the promisor; however, it was not signed by any Catskill representative, but only by Cavallaro, Renault and Quigley in their individual capacities, as guarantors. Cavallaro, Renault and Surferz (hereinafter collectively referred to as defendants) answered jointly; Catskill did not answer, and Quigley was never served.[1] Plaintiff thereafter moved for summary judgment. Defendants opposed the motion and cross-moved for summary judgment dismissing the complaint against them. In May 2010, Supreme Court granted plaintiffs motion in part, finding Cavallaro and Renault liable in their individual capacities as guarantors on the note, but without determining the amount due. Defendants’ cross motion was also granted in part, dismissing the unjust enrichment *1004 claim. The motions were otherwise denied. Defendants appealed. Later in May 2010, and apparently without any basis, a judgment against Cavallaro and Renault was entered for the full amount alleged in the complaint.
The case proceeded to a nonjury trial in August 2010.[2] In January 2011, Supreme Court issued a decision and order reiterating its prior determination that Renault and Cavallaro were liable on the note as guarantors, finding the-amount due to plaintiff under the note, and dismissing plaintiffs remaining claims. Cavallaro and Renault appealed from this decision and order. In July 2011, a final judgment was entered against Renault and Cavallaro, which differed significantly from the court’s order by stating a sum due in the full amount claimed, rather than the lesser amount awarded.
We must first address the procedural posture of the appeals. Cavallaro and Renault appealed only from the orders issued in May 2010 and January 2011, and not from the judgments purportedly entered thereon. Although the judgments differ from the orders (compare Miller v Moore, 68 AD3d 1325, 1326 n [2009]), it appears that neither judgment was entered “as directed” (CPLR 5016 [c]). The May 2010 judgment was premature, as the court had not yet determined the sum due, and the July 2011 judgment stated a sum higher than that ultimately awarded. Further, it does not appear that either judgment was served. We find it appropriate, in light of these circumstances and in the interest of justice, to deem the appeals to have been taken from the judgments pursuant to CPLR 5520 (c). Further, as the May 2010 order was nonfinal, it is brought up for review on the appeal from the final judgment (see Burke v Crosson, 85 NY2d 10, 15 [1995]).
Turning to the merits, we agree with Renault and Cavallaro that Supreme Court erred in finding them liable as guarantors on the note. To prevail, plaintiff bore the burden of demonstrating that Catskill executed the promissory note, that Renault and Cavallaro executed an absolute and unconditional guaranty, and that the parties defaulted on these obligations (see Tosapratt, LLC v Sunset Props., Inc., 86 AD3d 768, 768-769 [2011]; Overseas Private Inv. Corp. v Nam Koo Kim, 69 AD3d 1185, 1187 [2010], lv dismissed 14 NY3d 935 [2010]). It was undisputed that the note was not executed by a representative of Catskill; the signature line was left blank. Renault and Cavallaro signed the note only as guarantors, and a guarantor is generally not liable if the principal is not bound (see Walcutt v *1005 Clevite Corp., 13 NY2d 48, 56 [1963]; Hall & Co. v Continental Cas. Co., 34 AD2d 1028, 1029 [1970], affd 30 NY2d 517 [1972]; 63 NY Jur 2d, Guaranty and Suretyship § 159). Further, guaranty contracts must “be interpreted in the strictest manner” (White Rose Food v Saleh, 99 NY2d 589, 591 [2003]). Nothing in the note indicates that the parties intended to hold the guarantors liable if the principal obligation was unenforceable (compare City of New York v Clarose Cinema Corp., 256 AD2d 69, 70-71 [1998]; Manufacturers Hanover Trust Co. v Green, 95 AD2d 737, 737 [1983], appeal dismissed 61 NY2d 760 [1984]). Moreover, the unsigned note was not a negotiable instrument (see UCC 3-104 [1] [a]; Genger v Genger, 87 AD3d 871, 874 [2011]). Thus, UCC 3-416 (1) was inapplicable, and Renault and Cavallaro were not liable thereunder in the same capacity as principal obligors (see UCC 3-416, Official Comment). Having failed to establish that Renault and Cavallaro were liable on the note as a matter of law, plaintiff was not entitled to judgment on that issue.
These defects in plaintiffs proof were not remedied at trial. In fact, the evidence failed to establish that Catskill was liable for the debt evinced in the note, and Supreme Court ultimately dismissed all claims against it. Although it was shown that plaintiff had transferred funds into Catskill’s account to be used for its expenses, he himself denied that these transfers were loans to Catskill. Plaintiff testified that he believed that Catskill did not exist as a corporation at the time of the transfer, did not expect to be repaid by Catskill and, for this reason, “[did not] have Catskill . . . sign [the note].” Instead, he claimed that the transfers were personal loans to Quigley, Renault and Cavallaro. On cross-examination, plaintiff was unable to explain why the note — drafted by his attorney at his direction — identified Catskill as the principal obligor, and he ultimately conceded there was “[n]o real rhyme or reason” for the various conflicts between his claims and the documentary evidence. There was no evidence that Renault or Cavallaro benefitted personally from the transfers or made any repayment agreement other than the note. As noted above, a guaranty contract must be strictly construed; plaintiff failed to establish the existence of a debt consistent with the guaranty, and so was not entitled to judgment (compare Hall & Co. v Continental Cas. Co., 34 AD2d at 1029).
Finally, as plaintiff did not appeal from the dismissal of his unjust enrichment claim, we cannot address his request to reinstate it. The parties’ remaining contentions have been examined and found to be without merit.
*1006 Peters, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the orders and judgments are modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs motion for summary judgment and awarded judgment in his favor; motion denied to that extent and complaint dismissed in its entirety; and, as so modified, affirmed.

. No default judgment was ever obtained against Catskill, and Supreme Court subsequently permitted it to appear at trial.

. The issues remaining to be decided at trial were the sum due upon the note and the cause of action for breach of an oral contract.