*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                519546
_____

COUNTY OF GREENE,
                        Respondent,

        v

MARY ANN CHALIFOUX,                        MEMORANDUM AND ORDER
                        Defendant,
        and

YURY KORNITSKY et al.,
                        Appellants.
_____


Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                        _____


        Freeman Howard, PC, Hudson (Paul M. Freeman of counsel),
for appellants.

        Edward I. Kaplan, County Attorney, Catskill, for
respondent.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Elliott III,
J.), entered October 30, 2013 in Greene County, which, among
other things, partially granted plaintiff's motion for summary
judgment.

        Pursuant to a loan agreement, plaintiff lent Athens on the
Hudson, LLC (hereinafter the borrower) $240,000 and defendant
Mary Ann Chalifoux executed a promissory note on behalf of the
borrower.  Defendants each personally guaranteed payment of the
note.  In an April 2012 letter, plaintiff notified defendants

that the borrower owed $9,767.85 in arrears, declared the loan in default, accelerated the debt and demanded payment of the balance of the loan. Less than two weeks later, on May 1, 2012, the borrower paid plaintiff the amount owed in arrears. No further notices were given to defendants, nor were any further payments made toward the loan. Plaintiff commenced this action to collect on defendants' personal guarantees of the note. Plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint.[1] Supreme Court granted plaintiff summary judgment on liability, but directed an inquest on damages. Defendants Yury Kornitsky and Inga Kornitsky appeal.

Plaintiff met its initial burden on its summary judgment motion. Plaintiff's submissions demonstrated the existence of a valid promissory note, defendants' obligation under the note through the guarantees, and the borrower's alleged default in payment (see Tosapratt, LLC v Sunset Props., Inc., 86 AD3d 768, 768 [2011]; Overseas Private Inv. Corp. v Nam Koo Kim, 69 AD3d 1185, 1187 [2010], lv dismissed 14 NY3d 935 [2010]). The burden then shifted to defendants to raise a triable issue of fact (see Tosapratt, LLC v Sunset Props., Inc., 86 AD3d at 769; Hirsh v Brunenkant, 51 AD3d 1258, 1260 [2008]).

While a guarantor is generally not liable if the principal is not bound by the contract (see Walcutt v Clevite Corp., 13 NY2d 48, 56 [1963] [guarantor can raise defense that contract failed for lack of consideration]; Kosich v Catskill Millennium Tech., Inc., 97 AD3d 1003, 1004-1005 [2012], lv denied 19 NY3d 816 [2012] [guarantor not bound where principal had not signed note]), a guarantor can be liable, despite the principal's escape from liability, if the guarantee contains language through which the guarantor expressly waives a right or defense (see Beal Bank v Sandpiper Resort Corp., 251 AD2d 360, 361 [1998], lv denied 94 NY2d 756 [1999] [guarantors still liable despite principal having debt discharged in bankruptcy]; First Am. Bank of N.Y. v Builders Funding Corp., 200 AD2d 946, 947 [1994]; Manufacturers Hanover Trust Co. v Green, 95 AD2d 737, 737 [1983], appeal dismissed 61

_____

    [1] According to Supreme Court's order, plaintiff withdrew its motion with respect to Chalifoux.

NY2d 760 [1984]; see also Kosich v Catskill Millennium Tech., Inc., 97 AD3d at 1005). "[T]he liability of the guarantor may be broader than and exceed the scope of that of the principal where the guarantee, which is a separate undertaking," clearly states that it is enforceable against the guarantor despite circumstances where liability would not attach to the principal (Raven El. Corp. v Finkelstein, 223 AD2d 378, 378 [1996], lv dismissed 88 NY2d 1016 [1996]; see International Plaza Assoc., L.P. v Lacher, 104 AD3d 578, 579 [2013]).

Here, the loan agreement, note and guarantees were executed on the same day and are part of a single transaction, so these documents should be read together (see White Rose Food v Saleh, 99 NY2d 589, 592 [2003]). The loan agreement lists certain events that constitute a default, including the "[f]ailure of the '[b]orrower' to pay any installment of principal and interest when due and the continuation of such default for twenty (20) business days after receipt by the '[b]orrower' of written notice of such default from [plaintiff]." When a listed event of default occurs, the loan agreement provides certain remedies that plaintiff may elect, including accelerating the entire balance of the loan or commencing a collection action.

The promissory note provides that "in the event of default in the payment of any principal or interest of this [n]ote for more than thirty (30) days after written notice of such default from [plaintiff], then [plaintiff] shall seek remedy of the condition of default through the provisions of" the loan agreement. The note also states that "[t]he makers, sureties, endorsers and guarantors of this [n]ote hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest and failure of due diligence by [plaintiff] in time of demand for payment of all or any part of said amount due hereunder."

The personal guarantees provide that defendants "unconditionally guarantee" to plaintiff that all sums payable under the loan agreement "shall be promptly paid in full . . . in accordance with the provisions thereof, whether at maturity, by acceleration or otherwise." The guarantees also contain a waiver clause, stating that each defendant "hereby waives presentment,

demand for payment by the maker or anyone else, and notice of dishonor and all other notices and demands." This language relieves plaintiff of the obligation to provide all notices to defendants, including notice of default, and the note's waiver language waives notice of nonpayment. Accordingly, the waiver language in the note and guarantees would permit plaintiff to collect from defendants all amounts that are currently owed on the loan, even without having given such notice.

The question then becomes what amount is owed, which depends on whether the loan was properly accelerated. If it was, then plaintiff can collect the entire balance of the loan, whereas if it was not properly accelerated, plaintiff can only collect the payments that are in arrears from May 2012 until the time of judgment. While the guarantees waived notices to the guarantors, those guarantees — as separate contracts between plaintiff and the guarantors — did not and could not waive notice of default in payment to the borrower. That notice must have been provided, and the arrears unpaid for at least 20 days following such notice, to constitute a default event under the loan agreement that would allow plaintiff to accelerate the loan. Because the record does not include proof of such notice to the borrower, a question of fact exists as to whether a default event occurred and the loan was properly accelerated (see Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924, 925-926 [2010]). Hence, plaintiff was not entitled to summary judgment.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is modified, on the law, with costs to defendants Yury Kornitsky and Inga Kornitsky, by reversing so much thereof as granted plaintiff's motion for summary judgment; motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court