Cushing v Allstate Fire & Cas. Ins. Co. (2019 NY Slip Op 05275)





Cushing v Allstate Fire & Cas. Ins. Co.


2019 NY Slip Op 05275


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


240 CA 18-02017

[*1]KATHLEEN CUSHING, NOW KNOWN AS KATHLEEN WIATR, PLAINTIFF-APPELLANT,
v
ALLSTATE FIRE AND CASUALTY INS. CO., AND FRANK BODEN INSURANCE AGENCY, DEFENDANTS-RESPONDENTS. 






GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (BRITTANY L. HANNAH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered April 17, 2018. The order granted in part the motion of defendants for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging, inter alia, that Allstate Fire and Casualty Ins. Co. (defendant) breached its insurance policy with her by refusing to provide coverage for several losses to her home occurring in 2014. She appeals from an order that, among other things, granted defendants' motion insofar as it sought summary judgment dismissing her second cause of action, for payment of replacement costs under the insurance policy to cover storm damage to her roof. We affirm.
The clear and unambiguous terms of the insurance policy required defendant to pay plaintiff the "actual cash value" of such damage and provided that defendant would pay additional repair or replacement costs only if plaintiff made such repairs or replacement within two years from the date of loss. Defendants thus met their initial burden on the motion by establishing that defendant paid plaintiff the actual cash value of the damage to the roof and that plaintiff did not repair or replace the roof within two years from the date of loss (see generally Venigalla v Penn Mut. Ins. Co., 130 AD2d 974, 975 [4th Dept 1987], lv dismissed 70 NY2d 747 [1987]).
In opposition to the motion, plaintiff failed to raise an issue of fact concerning the applicability of the defense of estoppel (see Enright v Nationwide Ins. [appeal No. 2], 295 AD2d 980, 981 [4th Dept 2002]). Contrary to plaintiff's contention, there is no basis on which to estop defendant from invoking the two-year period under the insurance policy. "To establish the applicability of estoppel, plaintiff[] had to establish that defendant, by its conduct, lulled plaintiff[] into sleeping on [her] rights" (id.). In opposing defendants' motion, however, plaintiff did not identify any conduct by defendant that discouraged her from repairing or replacing the roof during the two-year period (see Snyder v Allstate Ins. Co., 70 AD3d 670, 671 [2d Dept 2010], lv denied in part and dismissed in part 17 NY3d 748 [2011], rearg denied 17 NY3d 917 [2011]). Rather, by paying her the actual cash value of the roof damage, defendant enabled plaintiff to commence the repair or rebuilding process during the two-year period (see Lovett v Allstate Ins. Co., 86 AD2d 545, 546 [1st Dept 1982], affd 64 NY2d 1124 [1985]; Bartholomew v Sterling Ins. Co., 34 AD3d 1157, 1159 [3d Dept 2006]; Enright, 295 AD2d at 981). Because she did not, Supreme Court properly determined that the insurance policy entitled her only to the actual cash value of the roof damage (see D.R. Watson Holdings, LLC v Caliber One Indem. Co., 15 AD3d 969, 969 [4th Dept 2005], lv dismissed 4 NY3d 882 [2005], lv dismissed 5 NY3d 842 [*2][2005]; Harrington v Amica Mut. Ins. Co., 223 AD2d 222, 228 [4th Dept 1996], lv denied 89 NY2d 808 [1997]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court