Hall v New York Cent. Mut. Fire Ins. Co. (2022 NY Slip Op 07368)

Hall v New York Cent. Mut. Fire Ins. Co.

2022 NY Slip Op 07368

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

864 CA 21-01168

[*1]MICHAEL HALL AND MELISSA HALL, PLAINTIFFS-RESPONDENTS,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (GREGORY S. GAGLIONE, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (CHRISTOPHER M. BERLOTH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered August 11, 2021. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiffs commenced this breach of contract action alleging, inter alia, that defendant breached its insurance policy with them by refusing to provide the full amount of coverage under the policy for fire damage to their home. Plaintiffs submitted a claim for that damage prior to making any repairs, and defendant paid the actual cash value pursuant to the policy. Defendant later denied certain parts of plaintiffs' claim for replacement costs, however, on the ground that plaintiffs failed to complete certain repairs and replacements with respect to items for which defendant had paid the actual cash value. In addition, defendant asserted that plaintiffs were not entitled to replacement cost proceeds for the costs that plaintiffs incurred to partially finish their basement, which had not been partially finished prior to the fire, and to upgrade the insulation in their house. Defendant moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for summary judgment on the complaint. In appeal No. 1, defendant appeals from an order denying the motion and granting the cross motion. In appeal No. 2, defendant appeals from a subsequent order and judgment.
Initially, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as the order in that appeal is subsumed in the final order and judgment in appeal No. 2 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see generally CPLR 5501 [a] [1]). The appeal from the order and judgment brings up for review the propriety of the order in appeal No. 1 (see CPLR 5501 [a] [1]).
The clear and unambiguous terms of the insurance policy required defendant to pay plaintiffs the "actual cash value" of the damage to plaintiffs' house, and further provided that defendant would not pay for repair or replacement costs above the actual cash value until such repairs or replacements were complete (see D.R. Watson Holdings, LLC v Caliber One Indem. Co., 15 AD3d 969, 969 [4th Dept 2005], lv dismissed 4 NY3d 882 [2005], lv dismissed 5 NY3d 842 [2005]). In addition, the policy provided that replacement cost proceeds would be limited to the cost of replacements "with material of like kind and quality and for like use."
"Replacement cost coverage inherently requires a replacement (a substitute structure for the insured) and costs (expenses incurred by the insured in obtaining the replacement); without [*2]them, the replacement cost provision becomes a mere wager" (Harrington v Amica Mut. Ins. Co., 223 AD2d 222, 228 [4th Dept 1996], lv denied 89 NY2d 808 [1997]). Here, with respect to the coverage that plaintiffs seek, plaintiffs have not incurred costs, above the actual cash value, for repairs and replacements with material of like kind and quality and for like use and, thus, their loss is defined by the actual cash value of the damaged parts of the building (see generally Cushing v Allstate Fire & Cas. Ins. Co., 173 AD3d 1819, 1820-1821 [4th Dept 2019]; Bartholomew v Sterling Ins. Co., 34 AD3d 1157, 1158 [3d Dept 2006]; Harrington, 223 AD2d at 228). Consequently, defendant met its initial burden on the motion by establishing that it paid plaintiffs the actual cash value of the damage to the house and that plaintiffs are not entitled to recover the additional replacement or repair costs they seek, and the burden shifted to plaintiffs to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiffs failed to meet that burden. Furthermore, plaintiffs failed to meet their burden on the cross motion of demonstrating their entitlement to the additional payments they seek under the policy. Therefore, Supreme Court should have denied plaintiff's cross motion, granted defendant's motion, and dismissed the complaint.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court