Panessa v Lederfeind (2024 NY Slip Op 05252)

Panessa v Lederfeind

2024 NY Slip Op 05252

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-22-2307
[*1]Bartholomew Panessa et al., Respondents,
v
Moshe Lederfeind et al., Appellants.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Sultzer & Lipari, Poughkeepsie (Philip J. Furia of counsel), for appellants.
Salazar and Erikson, LLP, East Greenbush (Emmalynn Salazar Blake of counsel), for respondents.

Powers, J.
Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered January 26, 2023 in Ulster County, upon a decision granting plaintiffs' motion for summary judgment in lieu of complaint.
In March 2020, defendant Moshe Lederfeind agreed to purchase plaintiff Goliath Laboratories, LLC — a business primarily involved in the sale of protein powder and other nutritional supplements — and its inventory from plaintiff Bartholomew Panessa for $1,595,000. The sale was memorialized in an asset purchase agreement and promissory note and, although the asset purchase agreement did not specify the purchase price for the product inventory, it stated that the price would be negotiated "in good faith." Prior to agreeing on the value of the inventory, Panessa provided Lederfeind with a certificate of analysis that purported to verify protein concentration in the products to be at least 25 grams per 33.5 gram serving. Lederfeind then agreed to purchase the inventory and executed a second promissory note for $353,691.82. However, after receipt of the inventory, Lederfeind began to question whether the protein levels were as high as Panessa had affirmed and, therefore, retained an independent laboratory to perform testing on samples of the products, which reported starkly lower protein levels than the certificate of analysis and product labels. Lederfeind attempted to rescind the sale, which Panessa rejected, and Lederfeind did not pay the amount due under the second promissory note for the product inventory.
In August 2021, plaintiffs commenced this action by filing a motion for summary judgment in lieu of complaint seeking the full amount due under the second promissory note, together with interest and fees (see CPLR 3213). Defendants opposed the motion on the basis that, among other things, they had been fraudulently induced into executing the promissory note based upon Panessa's misrepresentations related to the protein levels. In a November 2022 amended decision and order, Supreme Court, among other things, granted plaintiffs' motion for summary judgment over defendants' objections and directed judgment be entered in plaintiffs' favor. Subsequently, in January 2023, judgment was entered in plaintiffs favor in the total amount of $408,927.44. Defendants appeal from the January 2023 judgment.[FN1] [FN2]
Defendants assert that Supreme Court erred in granting plaintiffs' motion for summary judgment and, as a result thereof, in entering judgment in plaintiffs' favor. Because we find that defendants presented a triable issue of fact in opposition to the motion, we agree.
"When an action is based upon an instrument for the payment of money only . . . , the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint" (CPLR 3213). Therefore, "[t]o prevail on [their] motion for summary judgment in lieu of complaint based on a promissory note, plaintiff[s] w[ere] required to present evidence that defendant[*2][s] executed the note and defaulted thereon" (Craven v Rigas, 71 AD3d 1220, 1223 [3d Dept 2010] [internal quotation marks and citation omitted], lv denied 14 NY3d 713 [2010]). Plaintiffs demonstrated their prima facie burden by supplying the note at issue, signed by Lederfeind as a representative of Goliath Laboratories, and evidence of defendant's failure to pay; therefore, the burden shifted to defendants to establish the existence of a triable issue of fact as to a bona fide defense to liability (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Kodsi v Scotto, 170 AD3d 1357, 1357-1358 [3d Dept 2019]; Tosapratt, LLC v Sunset Props., Inc., 86 AD3d 768, 769 [3d Dept 2011]).
In opposition to plaintiffs' motion for summary judgment, defendants argued, among other things, that plaintiffs had fraudulently induced their assent to the agreement by making material misrepresentations as to the protein levels in the inventory being sold. Fraud in the inducement is a defense to the enforcement of a promissory note (see Creative Culinary Concepts, LLC v Sam Greco Constr., Inc., 134 AD3d 1294, 1295 [3d Dept 2015]), and, as such, defendants were required to "allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury" (Emigrant Mtge. Co., Inc. v Public Adm'r of Kings County, 207 AD3d 437, 441 [2d Dept 2022] [internal quotation marks and citation omitted]; see Piccirilli v Benjamin, 226 AD3d 1233, 1235-1236 [3d Dept 2024]).
To support the assertion that they had been fraudulently induced, defendants supplied the laboratory analysis that plaintiffs had provided prior to the sale, which purported to demonstrate that the various protein powders had between 23 and 25 grams of protein per 33.5 gram serving. Defendants then submitted the results of the independent laboratory analysis indicating that the protein levels in the products were significantly lower than plaintiffs had avowed prior to the sale. This analysis indicated that there was between 21 and 26 grams of protein per 100 grams tested, equating to between 7 and 9 grams of protein per 33.5 gram serving. In addition to the foregoing, defendants supplied an affidavit from Lederfeind which detailed his communications with Panessa after discovery of this disparity, during which Panessa indicated that the results were normal and instructed Lederfeind on how to modify the labeling of the product in a way that would not alert consumers.
Generally, "what constitutes reasonable reliance is always [a] nettlesome" inquiry best left to the trier of fact (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010] [internal quotation marks and citation omitted]; see Offshore Exploration[*3] & Prod., LLC v De Jong Capital, LLC, 225 AD3d 427, 429 [1st Dept 2024]). Furthermore, "[s]ummary judgment is a drastic remedy that should not be granted where there is any doubt as to the existence of triable issues of fact" (Piccirilli v Benjamin, 196 AD3d 895, 896-897 [3d Dept 2021] [internal quotation marks and citations omitted]). As such, we find that Supreme Court erred in granting plaintiffs' motion. Based upon the foregoing proof, defendants satisfied their burden of proof to establish a bona fide defense to liability as there are material questions of fact as to whether defendants were fraudulently induced to execute the note in question (see Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735 [2d Dept 2017]; compare Creative Culinary Concepts, LLC v Sam Greco Constr., Inc., 134 AD3d at 1295; Bank of Am., N.A. v Lang Indus., Inc., 127 AD3d 1457, 1458-1459 [3d Dept 2015]).
Garry, P.J., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, and plaintiffs' motion denied.

Footnotes

Footnote 1: Although defendants' notice of appeal was premature (see CPLR 5513 [a]), we exercise our discretion and treat it as valid (see CPLR 5520 [c]; Matter of Jayce G. [Daniel H.], 229 AD3d 857, 858 n 1 [3d Dept 2024]). To the extent plaintiffs assert that they appeal from "the [d]ecision and the resulting [j]udgment," we note that they filed a notice of appeal from the November 2022 amended order but did not include this notice of appeal in the Record on Appeal volume. Nevertheless, their appeal from the final judgment brings up for review the November 2022 amended order (see Piccirilli v Benjamin, 226 AD3d 1233, 1235 n [3d Dept 2024]).

Footnote 2: We note that there was a second action related to this transaction brought by defendants herein against plaintiffs herein, in which default judgment has been entered against plaintiffs (NY St Cts Elec Filing [NYSCEF] Doc No. 72, judgment, in Moshe Lederfeind v Bartholomew Panessa, Sup Ct, Ulster County, index No. EF2022-1108).